MEMORANDUM **
Ethan Ion Danfer appeals pro se the district court’s judgment affirming the bankruptcy court’s denial as untimely of *558 Danfer’s motion for relief from judgment asking the bankruptcy court to vacate its order approving a settlement between the trustee and creditors. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the denial of a Fed.R.Civ.P. 60(b) motion, Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 665 (9th Cir.1997), and we affirm.
On May 14, 2001, the trustee for the Chapter 7 debtor entered into a settlement agreement with various parties to settle claims which constituted assets to the estate. The bankruptcy court approved the settlement on June 27, 2001 and the other parties were released from any claims Sun had against them. Danfer did not oppose this settlement until June 25, 2002, although he testified that he was aware of the settlement in September, 2001. Consequently, the bankruptcy court did not abuse its discretion by finding that Danfer failed to file his Rule 60(b) motion within the requisite “reasonable time” or that he failed to demonstrate circumstances beyond his control prevented timely action to protect his interests, see United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049-50 (9th Cir.1993), such that the delay would be reasonable in light of the prejudice that would be suffered by the other parties by vacating a year-old settlement agreement, see United States v. Wyle (In re Pac. Far East Lines, Inc.), 889 F.2d 242, 249 (9th Cir.1989).
Danfer’s remaining contentions lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.